IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY LEE WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:13cv855-WKW |
| | ) | [WO] |
| RASHAWN HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

Plaintiff Jimmy Lee Webb ("Webb"), an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging that defendant RaShawn Harris ("Harris"), the Clerk of the Court for the Circuit Court of Bullock County, Alabama denied him access to the courts. Webb seeks damages and injunctive relief.

Harris filed a special report and supporting evidentiary materials addressing Webb's claim for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. (Doc. # 12). Thus, this case is now pending on Harris' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Webb's response in opposition to the motion, the court concludes that Harris' motion for summary judgment is due to be granted.

**STANDARD OF REVIEW**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Once the movant meets her evidentiary burden and demonstrates the absence of a genuine dispute of material fact,

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create

a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants).  Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## DISCUSSION

The dispute in this matter is straightforward. Webb contends that Harris failed to file his petition for writ of habeas corpus in the Circuit Court of Bullock County, Alabama, on or about June 28, 2013. He further asserts that she failed to respond to letters of inquiry and a motion he sent to the Circuit Court. Webb asserts that Harris has denied him of access to the courts and he seeks injunctive relief and monetary damages. Harris admits that her office did not file a petition for writ of habeas corpus in June 2013 for Webb but asserts that it is because her office never received a petition from Webb. Consequently, she denies that she deprived Webb of access to the courts.

Harris contends that Webb's claims are barred by the doctrines of absolute and qualified immunity, and Webb has failed to allege that he has suffered an actual injury sufficient to survive summary judgment.

The law is well settled that when a court clerk pursuant to authority granted by state

law and acts on behalf of a court, the clerk is absolutely immune from damages liability when sued under 42 U.S.C. § 1983 because she is performing a judicial function. *See Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). Further, if the actions about which Plaintiff complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

More importantly, Webb's denial of access to the courts claim fails for a more fundamental reason. The law is well settled that prison inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance created in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury." *Lewis*, 518 U.S. at 349. The Court rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Id*. at 349. Moreover, *Lewis* emphasizes that a *Bounds* violation is related to the lack of an inmate's capability to present claims. 518 U.S. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Id*. Finally, the Court discerned that the injury

requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement. . . . ." *Id*. at 356-357.

Webb has failed to allege the requisite "actual injury" to establish a constitutional violation. Webb does not respond to Harris' argument that he failed to establish an actual injury; he merely reiterates that she has failed in her statutory duty to file his petition. Without more, Webb does not establish actual injury. The court concludes that Webb has failed to present a genuine issue of material fact demonstrating that Harris denied his access to the courts.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be granted;
2. Judgment be GRANTED in favor of the defendant;
3. This case be dismissed with prejudice; and
4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 1, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. §

636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of November, 2016.

                                                         /s/Charles S. Coody
                                                         CHARLES S. COODY
                                                         UNITED STATES MAGISTRATE JUDGE